1   JOHN C. FISH, Jr., Bar No. 160620
    jfish@littler.com
2   ANDREW M. SPURCHISE, Bar No. 245998
    aspurchise@littler.com
3   EMILY E. O'CONNOR, Bar No. 279400
    eoconnor@littler.com
4   LITTLER MENDELSON, P.C.
    650 California Street
5   20th Floor
    San Francisco, California  94108.2693
6   Telephone:    415.433.1940
    Facsimile:    415.399.8490
7
    Attorneys for Defendants
8   UBER TECHNOLOGIES, INC.,
    RASIER, LLC, AND RASIER-CA, LLC
9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11

12
    NATIONAL FEDERATION OF THE          Case No.  3:14-cv-04086-NC
13  BLIND OF CALIFORNIA, MICHAEL
    KELLY, MICHAEL HINGSON, and         **DEFENDANTS' ANSWER TO**
14  MICHAEL PEDERSEN,                    **PLAINTIFFS' FIRST AMENDED**
                                        **COMPLAINT**
15                  Plaintiffs,

16          v.

17  UBER TECHNOLOGIES, INC., RASIER,     Trial Date:  None set.
    LLC, and RASIER-CA, LLC,             Complaint Filed:  September 9, 2014
18                                       FAC Filed: November 12, 2014
                    Defendants.
19

20

21

22

23

24

25

26

27

28

1    Defendants UBER TECHNOLOGIES, INC., RASIER, LLC and RASIER-CA, LLC

2    (collectively, "Defendants") submit the following Answer and Affirmative Defenses to the First

3    Amended Complaint filed by Plaintiffs on November 12, 2014.  Responding to the correspondingly

4    numbered paragraphs of the First Amended Complaint (hereinafter "Complaint"), Defendants state

5    as follows:

6                                    **INTRODUCTION**

7         1.    Answering Paragraph 1 of the Complaint, Defendants admit that Plaintiff

8    National Federation of the Blind ("NFB") purports to bring this action on behalf of its members but

9    deny each and every claim asserted and further deny that NFB may validly bring claims in a

10   representative capacity.  Defendants further admit that Plaintiffs Michael Kelly, Michael Hingson

11   and Michael Pedersen purport to sue alongside NFB.  However, Defendants deny any and all

12   wrongdoing and further deny the remaining allegations in said Paragraph.

13        2.    Answering Paragraph 2 of the Complaint, Defendants admit that the uberX

14   platform is offered to sighted (and blind) individuals in California, that uberX is cost-effective and

15   available in many cities in California, and that Uber offers mobile software applications to riders

16   looking for rides and independent transportation providers looking for riders.  Defendants deny that

17   Uber offers a taxi service or that Uber has a fleet of drivers.  Defendants further deny that Uber

18   arranges rides for customers like a taxi dispatcher.

19        3.    Answering Paragraph 3 of the Complaint, Defendants lack sufficient

20   knowledge or information as to the truth of the allegations contained in this Paragraph and on that

21   basis deny said allegations.

22        4.    Answering Paragraph 4 of the Complaint, Defendants deny that they provide a

23   taxi service.  Defendants lack sufficient knowledge or information as to the truth of the remaining

24   allegations contained in this Paragraph and on that basis deny said allegations.

25        5.    Answering Paragraph 5 of the Complaint, Defendants deny that they possess

26   the legal duty, or the contractual right, to control independent transportation providers' provision of

27   transportation services or their compliance with the ADA.  Defendants deny that they employ

28   drivers.  Defendants deny they failed to take what appropriate measures they could to remedy any

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED  COMPLAINT                                    Case No. 3:14-cv-04086-NC

complaints of discriminatory treatment of which they were made aware.  Defendants lack sufficient knowledge or information as to the truth of the remaining allegations contained in this Paragraph and on that basis deny said allegations.

6.      Answering Paragraph 6 of the Complaint, Defendants deny that they provide a taxi service.  Defendants lack sufficient knowledge or information as to the truth of the remaining allegations contained in this Paragraph and on that basis deny said allegations.

7.      Answering Paragraph 7 of the Complaint, Defendants deny that Uber is responsible for widespread discrimination against blind individuals with service animals. Defendants deny that any discrimination by the independent transportation providers who use the application is "widespread."  Defendants lack sufficient knowledge or information as to the truth of the remaining allegations contained in this Paragraph and on that basis deny said allegations.

8.      Answering Paragraph 8 of the Complaint, Defendants deny that they provide a taxi service.  Defendants lack sufficient knowledge or information as to the truth of the remaining allegations contained in this Paragraph and on that basis deny said allegations.

9.      Answering Paragraph 9 of the Complaint, Defendants deny that Uber denies rides to blind rides with service animals.  Defendants lack sufficient knowledge or information as to the truth of the remaining allegations contained in this Paragraph and on that basis deny said allegations.

10.      Answering Paragraph 10 of the Complaint, Defendants lack sufficient knowledge or information as to the truth of the remaining contained in this Paragraph and on that basis deny said allegations.  Defendants, however, deny that any blind riders improperly denied service were forced to bear cancellation fees.

11.      Answering Paragraph 11 of the Complaint, Defendants admit that Uber contends it is not a transportation provider.  Defendants further admit that they are contractually prohibited from exercising control over the transportation services provided by third party transportation providers who use the uberX platform.  Defendants deny any and all wrongdoing and further deny the remaining allegations in said Paragraph.

12.      Answering Paragraph 12 of the Complaint, Defendants deny that they provide

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED  COMPLAINT                    2.                    Case No. 3:14-cv-04086-NC

a taxi service.  Defendants deny that members of Plaintiff NFB of California are denied full and equal access to the uberX platform.  Defendants lack sufficient knowledge or information as to the truth of the remaining allegations contained in this Paragraph and on that basis deny said allegations.

13.     Answering Paragraph 13 of the Complaint, Defendants deny that they provide a taxi service.  Defendants admit that they operate in most of California's largest cities and that the availability of the uberX platform is growing.  Defendants lack sufficient knowledge or information as to the truth of the remaining allegations contained in this Paragraph and on that basis deny said allegations.

14.     Answering Paragraph 14 of the Complaint, Defendants contend that said Paragraph does not present allegations or averments that can be admitted or denied.

15.     Answering Paragraph 15 of the Complaint, Defendants deny that they possess the legal duty, or the ability, to control independent transportation providers' provision of transportation services or their compliance with the ADA.  Defendants admit that Plaintiffs and Defendants discussed Plaintiffs' concerns prior to Plaintiffs filing the instant lawsuit, but deny any and all wrongdoing.

**JURISDICTION**

16.     Answering Paragraph 16 of the Complaint, Defendants contend that these allegations are jurisdictional and do not require a response.  To the extent a response is required, Defendants admit that this Court has jurisdiction over the claims alleged in Plaintiffs' Complaint to the extent those claims are brought by individuals with standing, and in particular those NFB members who are not bound by an agreement to arbitrate this dispute with Defendants.

17.     Answering Paragraph 17 of the Complaint, Defendants contend that these allegations are jurisdictional and do not require a response.  To the extent a response is required, Defendants admit that this Court has jurisdiction over the claims alleged in Plaintiffs' Complaint, but only to the extent those claims are brought by individuals with standing, and in particular those NFB members who are not bound by an agreement to arbitrate this dispute with Defendants.

**VENUE**

18.     Answering Paragraph 18 of the Complaint, Defendants admit that venue is

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED  COMPLAINT

3.

Case No. 3:14-cv-04086-NC

1    proper in the Northern District.

2          19.    Answering Paragraph 19 of the Complaint, Defendants deny that they operate

3    fleets of vehicles providing taxi services in California. Defendants admit the remaining allegations

4    in said Paragraph.

5          20.    Answering Paragraph 20 of the Complaint, Defendants admit that they are

6    subject to personal jurisdiction in the Northern District of California. Defendants deny any and all

7    wrongdoing and further deny the remaining allegations in said Paragraph.

8          21.    Answering Paragraph 12 of the Complaint, Defendants deny Plaintiffs

9    Hingson and Pedersen have suffered injury as a result of any act or omission of Defendants.

10   Defendants lack sufficient knowledge or information as to the truth of the allegations contained in

11   this Paragraph and on that basis deny said allegations.

12                                         **PARTIES**

13         22.    Answering Paragraph 22 of the Complaint, Defendants admit that NFB

14   purports to bring this action on behalf of itself and its members but deny that NFB may validly bring

15   claims on its own behalf or in a representative capacity, particularly as it relates to members bound

16   by arbitration agreements with Defendants. Defendants deny they have engaged in any

17   discriminatory practices or that any such practices will occur in the future. Defendants lack

18   sufficient knowledge or information as to the truth of the remaining allegations contained in this

19   Paragraph and on that basis deny said allegations.

20         23.    Answering Paragraph 23 of the Complaint, Defendants deny that Uber

21   engages in discriminatory practices and further deny that they provide a taxi service. Defendants

22   lack sufficient knowledge or information as to the truth of the remaining allegations contained in this

23   Paragraph and on that basis deny said allegations.

24         24.    Answering Paragraph 24 of the Complaint, Defendants deny that they provide

25   a taxi service. Defendants deny they have engaged in any discriminatory practices or that Plaintiff

26   Hingson was deterred from creating an Uber account as a result of the incidents alleged. Defendants

27   lack sufficient knowledge or information as to the truth of the remaining allegations contained in this

28   Paragraph and on that basis deny said allegations.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT                    4.                  Case No. 3:14-cv-04086-NC

25. Answering Paragraph 25 of the Complaint, Defendants deny that they provide a taxi service.  Defendants deny they have engaged in any discriminatory practices or that any such practices will occur in the future.  Defendants lack sufficient knowledge or information as to the truth of the remaining allegations contained in this Paragraph and on that basis deny said allegations.

26. Answering Paragraph 26 of the Complaint, Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and NFB members but deny each and every claim asserted and further deny Plaintiffs may validly bring claims on an individual basis or in a representative capacity.

27. Answering Paragraph 27 of the Complaint, Defendants admit the following: that Uber Technologies, Inc. is a for-profit company based in California, that Rasier, LLC and Rasier-CA, LLC are Uber's subsidiaries, that Uber has developed a smartphone application that connects riders looking for transportation to independent transportation providers looking for riders, and that Uber licenses the use of its application to riders and independent transportation providers for a fee.  However, Defendants deny any and all wrongdoing, deny that they employ drivers and further deny the remaining allegations in said Paragraph.

28. Answering Paragraph 28 of the Complaint, Defendants admit that Rasier, LLC and Rasier-CA, LLC are wholly owned subsidiaries of Uber, but only Rasier-CA, LLC operates within the state of California.  Defendants deny Rasier, LLC operates within the state of California. Defendants contend that the remaining allegations in said Paragraph do not present allegations or averments that can be admitted or denied.

**FACTUAL ALLEGATIONS**

29. Answering Paragraph 29 of the Complaint, Defendants deny that they provide a taxi service or a transportation service and further deny that they employ drivers or own vehicles. Defendants admit the remaining allegations in said Paragraph.

30. Answering Paragraph 30 of the Complaint, Defendants deny that they provide a taxi service or a transportation service and further deny that they employ drivers or own vehicles. Defendants admit the remaining allegations in said Paragraph.

31. Answering Paragraph 31 of the Complaint, Defendants deny that they provide

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED  COMPLAINT

5.

Case No. 3:14-cv-04086-NC

a taxi service or a transportation service, deny that they provide a fare meter, deny that they employ drivers or own vehicles, deny that they notify riders when the vehicle they have requested arrives, and further deny that they provide turn-by-turn directions to a rider's destination.  Defendants admit the remaining allegations in said Paragraph.

32.   Answering Paragraph 32 of the Complaint, Defendants admit that the transportation providers are occasionally asked to take a city knowledge test, undergo a criminal background check as required by law, undergo a driving record check and present a driver's license, vehicle registration and proof of insurance.  Defendants deny that they provide a taxi service, deny that they control which trip requests are transmitted to which transportation providers, deny they "routinely" terminate their contractual relationship with transportation providers, and further deny that they employ drivers or own vehicles.  Defendants deny the remaining allegations in said Paragraph.

33.   Answering Paragraph 33 of the Complaint, Defendants deny that they provide a taxi service.  Defendants admit the remaining allegations of said Paragraph.

34.   Answering Paragraph 34 of the Complaint, Defendants admit that vehicles must meet certain requirements in order to transport riders, including requirements imposed by law (i.e., that the vehicle pass an inspection).  Defendants deny that they provide a taxi service and further deny that they employ drivers or own vehicles.  Defendants also deny the remaining allegations in said Paragraph, in particular that they unilaterally impose any requirements in the way of driver conduct and appearance or the way in which transportation providers provide service to riders, except to the extent required by law.

35.   Answering Paragraph 35 of the Complaint, Defendants admit that the Uber application collects data regarding completed trips.  Defendants deny the remaining allegations in said Paragraph.

36.   Answering Paragraph 36 of the Complaint, Defendants admit that they are legally required to maintain liability insurance to cover certain claims arising from incidents that may occur while independent transportation providers are logged in to the uberX platform. Defendants admit that in order to utilize the Uber application, independent transportation providers

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED  COMPLAINT

6.

Case No. 3:14-cv-04086-NC

1  occasionally used an iPhone provided by Uber, though transportation providers have the option of

2  downloading the application directly to their own phones.  Defendants further admit that the Uber

3  application provides independent transportation providers with the opportunity to accept trip

4  requests from riders.  Defendants deny that transportation providers use iPhones provided by Uber to

5  communicate with riders.  Defendants deny that they provide a taxi service and further deny that

6  they employ drivers or provide drivers with supplies.

7          37.    Answering Paragraph 37 of the Complaint, Defendants admit that Uber

8  licenses the use of its application to riders and independent transportation providers for a fee and

9  further admit that Uber facilitates the payment between riders and independent transportation

10 providers.  Defendants deny that riders do not pay transportation providers, deny that Defendants

11 "compensate" transportation providers, deny that Defendants provide a taxi service, deny that they

12 charge "fares" and further deny that they employ drivers.  Defendants deny the remaining allegations

13 in said Paragraph

14         38.    Answering Paragraph 38 of the Complaint, Defendants admit that Uber's

15 application connects riders looking for transportation to independent transportation providers

16 looking for riders and that Uber licenses the use of its application to riders and independent

17 transportation providers for a fee.  Defendants further admit that riders may contact Uber to request

18 assistance retrieving property left in independent transportation providers' vehicles.  Defendants

19 deny that they employ drivers, deny that they monitor or control or have the right to monitor or

20 control transportation providers' services, and deny the remaining allegations in said Paragraph.

21         39.    Answering Paragraph 39 of the Complaint, Defendants admit that the

22 California Public Utilities Commission (CPUC) issued rulemaking relating to the uberX platform on

23 September 19, 2013.  However, Defendants deny Plaintiffs' characterization of the CPUC's

24 decision.

25         40.    Answering Paragraph 40 of the Complaint, Defendants admit that blind

26 individuals successfully use the uberX service to book rides with independent transportation

27 providers.  Defendants deny that they operate a taxi service.  Defendants lack sufficient knowledge

28 or information as to the truth of the remaining allegations contained in this Paragraph and on that

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED  COMPLAINT

7.

Case No. 3:14-cv-04086-NC

1  basis deny said allegations.

2           41.    Answering Paragraph 41 of the Complaint, Defendants lack sufficient

3  knowledge or information as to the truth of the allegations contained in this Paragraph and on that

4  basis deny said allegations. Defendants deny that they have engaged in any discriminatory practices.

5           42.    Answering Paragraph 42 of the Complaint, Defendants deny that they operate

6  a taxi service. Defendants deny that they have engaged in any discriminatory practices. Defendants

7  lack sufficient knowledge or information as to the truth of the remaining allegations contained in this

8  Paragraph and on that basis deny said allegations.

9           43.    Answering Paragraph 43 of the Complaint, Defendants deny that they have

10  engaged in any discriminatory practices. Defendants lack sufficient knowledge or information as to

11  the truth of the remaining allegations contained in this Paragraph and on that basis deny said

12  allegations.

13           44.    Answering Paragraph 44 of the Complaint, Defendants deny that they have

14  engaged in any discriminatory practices. Defendants lack sufficient knowledge or information as to

15  the truth of the allegations contained in this Paragraph and on that basis deny said allegations.

16           45.    Answering Paragraph 45 of the Complaint, Defendants deny that they have

17  engaged in any discriminatory practices and further deny that they operate a taxi service.

18  Defendants lack sufficient knowledge or information as to the truth of the remaining allegations

19  contained in this Paragraph and on that basis deny said allegations.

20           46.    Answering Paragraph 46 of the Complaint, Defendants deny that they have

21  engaged in any discriminatory practices. Defendants lack sufficient knowledge or information as to

22  the truth of the remaining allegations contained in this Paragraph and on that basis deny said

23  allegations.

24           47.    Answering Paragraph 47 of the Complaint, Defendants deny that the Uber

25  website is inaccessible to blind individuals. Defendants lack sufficient knowledge or information as

26  to the truth of the remaining allegations contained in this Paragraph and on that basis deny said

27  allegations.

28           48.    Answering Paragraph 48 of the Complaint, Defendants deny that they have

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT

8.

Case No. 3:14-cv-04086-NC

1   engaged in any discriminatory practices.  Defendants lack sufficient knowledge or information as to

2   the truth of the remaining allegations contained in this Paragraph and on that basis deny said

3   allegations.

4      49. Answering Paragraph 49 of the Complaint, Defendants deny that they have

5   engaged in any discriminatory practices.  Defendants lack sufficient knowledge or information as to

6   the truth of the remaining allegations contained in this Paragraph and on that basis deny said

7   allegations.

8      50. Answering Paragraph 50 of the Complaint, Defendants deny that Uber

9   "notified" Mr. Lyens that it had "identified" a vehicle for him, that Uber (as opposed to the Uber

10   application) notified him his ride had been cancelled, and that the transportation provider drove an

11   "Uber vehicle."  Defendants deny that they have engaged in any discriminatory practices.

12   Defendants lack sufficient knowledge or information as to the truth of the remaining allegations

13   contained in this Paragraph and on that basis deny said allegations.

14      51. Answering Paragraph 51 of the Complaint, deny that they have engaged in

15   any discriminatory practices and deny that they operate a taxi service.  Defendants lack sufficient

16   knowledge or information as to the truth of the remaining allegations contained in this Paragraph and

17   on that basis deny said allegations.

18      52. Answering Paragraph 52 of the Complaint, Defendants admit that they have

19   no contractual right to control the transportation services provided by independent transportation

20   providers using the Uber application.  Defendants deny that they have failed to take what appropriate

21   steps they can to address any discriminatory conduct by transportation providers.  Defendants deny

22   that they have engaged in any discriminatory practices.  Defendants lack sufficient knowledge or

23   information as to the truth of the remaining allegations contained in this Paragraph and on that basis

24   deny said allegations.

25      53. Answering Paragraph 53 of the Complaint, Defendants deny that they have

26   engaged in any discriminatory practices.  Defendants lack sufficient knowledge or information as to

27   the truth of the remaining allegations contained in this Paragraph and on that basis deny said

28   allegations.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED  COMPLAINT    9.    Case No. 3:14-cv-04086-NC

54. Answering Paragraph 54 of the Complaint, Defendants deny that they have engaged in any discriminatory practices. Defendants lack sufficient knowledge or information as to the truth of the remaining allegations contained in this Paragraph and on that basis deny said allegations.

55. Answering Paragraph 55 of the Complaint, Defendants deny that they have engaged in any discriminatory practices. Defendants lack sufficient knowledge or information as to the truth of the remaining allegations contained in this Paragraph and on that basis deny said allegations.

56. Answering Paragraph 56 of the Complaint, Defendants deny that they have failed to take what appropriate steps they can to address any discriminatory conduct by transportation providers. Defendants deny that they have engaged in any discriminatory practices. Defendants lack sufficient knowledge or information as to the truth of the remaining allegations contained in this Paragraph and on that basis deny said allegations.

57. Answering Paragraph 57 of the Complaint, Defendants deny that they have failed to take what appropriate steps they can to address any discriminatory conduct by transportation providers. Defendants deny that they have engaged in any discriminatory practices. Defendants lack sufficient knowledge or information as to the truth of the remaining allegations contained in this Paragraph and on that basis deny said allegations.

58. Answering Paragraph 58 of the Complaint, Defendants deny that the Uber website is inaccessible to blind individuals. Defendants deny that they have engaged in any discriminatory practices. Defendants lack sufficient knowledge or information as to the truth of the remaining allegations contained in this Paragraph and on that basis deny said allegations.

59. Answering Paragraph 59 of the Complaint, Defendants deny that they have engaged in any discriminatory practices. Defendants lack sufficient knowledge or information as to the truth of the remaining allegations contained in this Paragraph and on that basis deny said allegations.

60. Answering Paragraph 60 of the Complaint, Defendants deny that the Uber website is inaccessible to blind individuals. Defendants deny that they have engaged in any

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT

10.

Case No. 3:14-cv-04086-NC

discriminatory practices.  Defendants lack sufficient knowledge or information as to the truth of the remaining allegations contained in this Paragraph and on that basis deny said allegations.

61.     Answering Paragraph 61 of the Complaint, Defendants deny that they have engaged in any discriminatory practices.  Defendants lack sufficient knowledge or information as to the truth of the remaining allegations contained in this Paragraph and on that basis deny said allegations.

62.     Answering Paragraph 62 of the Complaint, Defendants deny that they have engaged in any discriminatory practices.  Defendants lack sufficient knowledge or information as to the truth of the remaining allegations contained in this Paragraph and on that basis deny said allegations.

63.     Answering Paragraph 63 of the Complaint, Defendants deny that they have failed to take what appropriate steps they can to address any discriminatory conduct by transportation providers.  Defendants deny that they have engaged in any discriminatory practices. Defendants lack sufficient knowledge or information as to the truth of the remaining allegations contained in this Paragraph and on that basis deny said allegations.

64.     Answering Paragraph 64 of the Complaint, Defendants deny that Uber's rating system disparately affects blind riders with service animals or that it reduces their access to transportation options.  Defendants admit that Uber offers a five star rating scale whereby both riders and independent transportation providers can rate each other and further admits that riders and independent transportation providers can view each other's star ratings once a ride is arranged. Defendants lack sufficient knowledge or information as to the truth of the remaining allegations contained in this Paragraph and on that basis deny said allegations.

65.     Answering Paragraph 65 of the Complaint, Defendants deny that they have failed to take what appropriate steps they can to address any discriminatory conduct by transportation providers.  Defendants deny that they have engaged in any discriminatory practices. Defendants admit that they do not have the right to control the services provided by the independent transportation providers who use Uber's application.  Defendants deny that they employ drivers. Defendants lack sufficient knowledge or information as to the truth of the remaining allegations

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED  COMPLAINT

11.

Case No. 3:14-cv-04086-NC

1    contained in this Paragraph and on that basis deny said allegations.

2           66.     Answering Paragraph 66 of the Complaint, Defendants deny that they have

3    engaged in any discriminatory practices.  Defendants lack sufficient knowledge or information as to

4    the truth of the remaining allegations contained in this Paragraph and on that basis deny said

5    allegations.

6           67.     Answering Paragraph 67 of the Complaint, Defendants admit that, to their

7    knowledge at this time, Plaintiff Hingson has not created an Uber account.  Defendants deny they

8    have engaged in any discriminatory practices or that Plaintiff Hingson was deterred from creating an

9    Uber account as a result of the incidents alleged.  Defendants lack sufficient knowledge or

10   information as to the truth of the remaining allegations contained in this Paragraph and on that basis

11   deny said allegations.

12          68.     Answering Paragraph 68 of the Complaint, Defendants deny that they operate

13   a taxi service.  Defendants deny that Plaintiff Hingson was deterred from creating an Uber account

14   as a result of the incidents alleged.  Defendants lack sufficient knowledge or information as to the

15   truth of the remaining allegations contained in this Paragraph and on that basis deny said allegations.

16          69.     Answering Paragraph 69 of the Complaint, Defendants deny that Plaintiff

17   Hingson was deterred from creating an Uber account as a result of the incidents alleged.  Defendants

18   lack sufficient knowledge or information as to the truth of the remaining allegations contained in this

19   Paragraph and on that basis deny said allegations.

20          70.     Answering Paragraph 70 of the Complaint, Defendants deny that Plaintiff

21   Hingson was deterred from creating an Uber account as a result of the incidents alleged.  Defendants

22   lack sufficient knowledge or information as to the truth of the remaining allegations contained in this

23   Paragraph and on that basis deny said allegations.

24          71.     Answering Paragraph 71 of the Complaint, Defendants deny that Plaintiff

25   Hingson was deterred from creating an Uber account as a result of the incidents alleged.  Defendants

26   lack sufficient knowledge or information as to the truth of the remaining allegations contained in this

27   Paragraph and on that basis deny said allegations.

28          72.     Answering Paragraph 72 of the Complaint, Defendants deny that they possess

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED  COMPLAINT

12.

Case No. 3:14-cv-04086-NC

1    the right to control the services provided by the independent transportation providers who use Uber's

2    application.  Defendants deny they have engaged in any discriminatory practices.  Defendants deny

3    that they employ drivers.  Defendants lack sufficient knowledge or information as to the truth of the

4    remaining allegations contained in this Paragraph and on that basis deny said allegations.

5            73.     Answering Paragraph 73 of the Complaint, Defendants deny they have

6    engaged in any discriminatory practices.  Defendants lack sufficient knowledge or information as to

7    the truth of the remaining allegations contained in this Paragraph and on that basis deny said

8    allegations.

9            74.     Answering Paragraph 74 of the Complaint, Defendants deny they have

10    engaged in any discriminatory practices.  Defendants lack sufficient knowledge or information as to

11    the truth of the remaining allegations contained in this Paragraph and on that basis deny said

12    allegations.

13            75.     Answering Paragraph 75 of the Complaint, Defendants admit that Plaintiffs

14    seek implementation of the listed policies.  However, Defendants deny they have engaged in any

15    discriminatory practices.  Defendants deny that they control or possess the right to control the

16    services provided by the independent transportation providers who use Uber's application.

17    Defendants further deny that they employ drivers.  Defendants deny the remaining allegations in said

18    Paragraph.

19            76.     Answering Paragraph 76 of the Complaint, Defendants deny they have

20    engaged in any discriminatory practices.  Defendants deny that they control or possess the right to

21    control the services provided by the independent transportation providers who use Uber's

22    application.  Defendants admit that Plaintiffs and Defendants discussed Plaintiffs' concerns prior to

23    litigation being initiated, and that no resolution was reached.  However, Defendants deny any and all

24    wrongdoing, deny that they failed to take what appropriate measures they could to address any

25    discriminatory conduct experienced by riders, and further deny the remaining allegations in said

26    Paragraph.

27    / / /

28    / / /

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED  COMPLAINT
Case No. 3:14-cv-04086-NC

## FIRST CAUSE OF ACTION

### Violation of Title III of the Americans with Disabilities Act

### (42 U.S.C. § 12101, et seq.)

77.     Answering Paragraph 77 of the Complaint, Defendants incorporate by reference their admissions and denials set forth in the preceding Paragraphs.

78.     Answering Paragraph 78 of the Complaint, Defendants lack sufficient knowledge or information as to the truth of the allegations contained in this Paragraph and on that basis deny said allegations.

79.     Answering Paragraph 79 of the Complaint, Defendants contend that said Paragraph does not present allegations or averments that can be admitted or denied.

80.     Answering Paragraph 80 of the Complaint, Defendants deny each and every allegation of said Paragraph.

81.     Answering Paragraph 81 of the Complaint, Defendants contend that said Paragraph does not present allegations or averments that can be admitted or denied.

82.     Answering Paragraph 82 of the Complaint, Defendants deny each and every allegation of said Paragraph.

83.     Answering Paragraph 83 of the Complaint, Defendants contend that said Paragraph does not present allegations or averments that can be admitted or denied.

84.     Answering Paragraph 84 of the Complaint, Defendants deny that they control or possess the right to control the services provided by the independent transportation providers who use Uber's application.  Defendants deny that they employ drivers and further deny the remaining allegations in said Paragraph.

85.     Answering Paragraph 85 of the Complaint, Defendants contend that said Paragraph does not present allegations or averments that can be admitted or denied.

86.     Answering Paragraph 86 of the Complaint, Defendants contend that said Paragraph does not present allegations or averments that can be admitted or denied.

87.     Answering Paragraph 87 of the Complaint, Defendants deny each and every allegation of said Paragraph.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED  COMPLAINT

14.

Case No. 3:14-cv-04086-NC

88.     Answering Paragraph 88 of the Complaint, Defendants deny each and every allegation of said Paragraph.

89.     Answering Paragraph 89 of the Complaint, Defendants contend that said Paragraph does not present allegations or averments that can be admitted or denied.

90.     Answering Paragraph 90 of the Complaint, Defendants deny each and every allegation of said Paragraph.

91.     Answering Paragraph 91 of the Complaint, Defendants contend that said Paragraph does not present allegations or averments that can be admitted or denied.

92.     Answering Paragraph 92 of the Complaint, Defendants deny each and every allegation of said Paragraph.

93.     Answering Paragraph 93 of the Complaint, Defendants contend that said Paragraph does not present allegations or averments that can be admitted or denied.

94.     Answering Paragraph 94 of the Complaint, Defendants deny that they control or possess the right to control the services provided by the independent transportation providers who use Uber's application.  Defendants deny that they employ drivers and further deny the remaining allegations in said Paragraph.

95.     Answering Paragraph 95 of the Complaint, Defendants contend that said Paragraph does not present allegations or averments that can be admitted or denied.

96.     Answering Paragraph 96 of the Complaint, Defendants deny each and every allegation of said Paragraph.

97.     Answering Paragraph 97 of the Complaint, Defendants contend that said Paragraph does not present allegations or averments that can be admitted or denied.

98.     Answering Paragraph 98 of the Complaint, Defendants deny each and every allegation of said Paragraph.

99.     Answering Paragraph 99 of the Complaint, Defendants contend that said Paragraph does not present allegations or averments that can be admitted or denied.

100.    Answering Paragraph 100 of the Complaint, Defendants deny that they control or possess the right to control the services provided by the independent transportation

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED  COMPLAINT

15.

Case No. 3:14-cv-04086-NC

1   providers who use Uber's application.  Defendants deny that they employ drivers and further deny

2   the remaining allegations in said Paragraph.

3      101. Answering Paragraph 101 of the Complaint, Defendants contend that said

4   Paragraph does not present allegations or averments that can be admitted or denied.

5      102. Answering Paragraph 102 of the Complaint, Defendants deny that they

6   control or possess the right to control the services provided by the independent transportation

7   providers who use Uber's application.  Defendants deny that they employ drivers and further deny

8   the remaining allegations in said Paragraph.

9      103. Answering Paragraph 103 of the Complaint, Defendants deny that they

10  control or possess the right to control the services provided by the independent transportation

11  providers who use Uber's application.  Defendants deny Plaintiffs have standing to secure injunctive

12  relief, particularly on behalf of NFB members who are bound by arbitration agreements with

13  Defendants.  Defendants deny that they employ drivers and further deny the remaining allegations in

14  said Paragraph.

15     104. Answering Paragraph 104 of the Complaint, Defendants deny Plaintiffs have

16  standing to secure injunctive relief, particularly on behalf of NFB members who are bound by

17  arbitration agreements with Defendants.   Defendants deny the allegation contained in said

18  Paragraph.

19  **SECOND CAUSE OF ACTION**

20  **Violation of the California Unruh Civil Rights Act**

21  **(California Civil Code §§ 51 & 52)**

22     105. Answering Paragraph 105 of the Complaint, Defendants incorporate by

23  reference their admissions and denials set forth in the preceding Paragraphs.

24     106. Answering Paragraph 106 of the Complaint, Defendants contend that said

25  Paragraph does not present allegations or averments that can be admitted or denied.

26     107. Answering Paragraph 107 of the Complaint, Defendants deny that they

27  control or possess the right to control the services provided by the independent transportation

28  providers who use Uber's application.   Defendants deny that they employ drivers or own the

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED  COMPLAINT

16.

Case No. 3:14-cv-04086-NC

1  vehicles that provide transportation services to the general public in California.

2          108.    Answering Paragraph 108 of the Complaint, Defendants contend that said

3  Paragraph does not present allegations or averments that can be admitted or denied.

4          109.    Answering Paragraph 109 of the Complaint, Defendants deny each and every

5  allegation of said Paragraph.

6          110.    Answering Paragraph 110 of the Complaint, Defendants deny the following

7  allegations: that they operate a taxi service, that their actions constitute violations of the Unruh Civil

8  Rights Act and that Plaintiffs are entitled to injunctive relief.  Defendants lack sufficient knowledge

9  or information as to the truth of the remaining allegations contained in this Paragraph and on that

10  basis deny said allegations.

11          111.    Answering Paragraph 111 of the Complaint, Defendants deny each and every

12  allegation of said Paragraph.

13  ### THIRD CAUSE OF ACTION

14  ### Violation of the California Disabled Persons Act

15  ### (California Civil Code §§ 54-54.3)

16          112.    Answering Paragraph 112 of the Complaint, Defendants incorporate by

17  reference their admissions and denials set forth in the preceding Paragraphs.

18          113.    Answering Paragraph 113 of the Complaint, Defendants contend that said

19  Paragraph does not present allegations or averments that can be admitted or denied.

20          114.    Answering Paragraph 114 of the Complaint, Defendants contend that said

21  Paragraph does not present allegations or averments that can be admitted or denied.

22          115.    Answering Paragraph 115 of the Complaint, Defendants deny each and every

23  allegation of said Paragraph.

24          116.    Answering Paragraph 116 of the Complaint, Defendants deny that they

25  control or possess the right to control the services provided by the independent transportation

26  providers who use Uber's application.  Defendants deny that they operate a taxi service and further

27  deny that they employ drivers or own any vehicles.  Defendants deny that their actions violate the

28  ADA or California Civil Code §§ 54-54.3.  Defendants lack sufficient knowledge or information as

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED  COMPLAINT

17.

Case No. 3:14-cv-04086-NC

1  to the truth of the remaining allegations contained in this Paragraph and on that basis deny said

2  allegations.

3          117.    Answering Paragraph 117 of the Complaint, Defendants admit that Plaintiffs

4  seek declaratory relief but deny that Plaintiffs are entitled to any such relief and further deny any

5  wrongdoing.

6          118.    Answering Paragraph 118 of the Complaint, Defendants deny each and every

7  allegation of said Paragraph.

8          119.    Answering Paragraph 119 of the Complaint, Defendants contend that said

9  Paragraph does not present allegations or averments that can be admitted or denied.

10  **FOURTH CAUSE OF ACTION**

11  **(Declaratory Relief on Behalf of Plaintiffs)**

12          120.    Answering Paragraph 120 of the Complaint, Defendants incorporate by

13  reference their admissions and denials set forth in the preceding Paragraphs.

14          121.    Answering Paragraph 121 of the Complaint, Defendants admit that Plaintiffs

15  contend an actual controversy has arisen between the parties.  Defendants deny that they control or

16  possess the right to control the services provided by the independent transportation providers who

17  use Uber's application.  Defendants deny the remaining allegations of said Paragraph.

18          122.    Answering Paragraph 122 of the Complaint, Defendants deny the allegation of

19  said Paragraph.

20  **PRAYER FOR RELIEF**

21          123.    Answering Paragraph 123 of the Complaint, Defendants admit that Plaintiffs

22  seek the remedy set forth in said Paragraph but deny that Plaintiffs are entitled to any such relief and

23  further denies any wrongdoing.  Defendants deny that NFB may seek recovery on a representative

24  basis.

25          124.    Answering Paragraph 124 of the Complaint, Defendants admit that Plaintiffs

26  seek the remedy set forth in said Paragraph but deny that Plaintiffs are entitled to any such relief and

27  further denies any wrongdoing.

28          125.    Answering Paragraph 125 of the Complaint, Defendants admit that Plaintiffs

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED  COMPLAINT

18.

Case No. 3:14-cv-04086-NC

1  seek the remedy set forth in said Paragraph but deny that Plaintiffs are entitled to any such relief and
2  further denies any wrongdoing.

3  126.   Answering Paragraph 126 of the Complaint, Defendants admit that Plaintiffs
4  seek the remedy set forth in said Paragraph but deny that Plaintiffs are entitled to any such relief and
5  further denies any wrongdoing.

6  127.   Answering Paragraph 127 of the Complaint, Defendants admit that Plaintiffs
7  seek the remedy set forth in said Paragraph but deny that Plaintiffs are entitled to any such relief and
8  further denies any wrongdoing.

9  ## AFFIRMATIVE DEFENSES

10  ### FIRST AFFIRMATIVE DEFENSE

11  Plaintiffs' Complaint and each purported cause of action asserted against Defendants
12  therein fails to set forth facts sufficient to constitute a claim and/or state a claim upon which relief
13  may be granted.

14  ### SECOND AFFIRMATIVE DEFENSE

15  Defendants do not provide a public transportation service or operate a taxi service
16  within the meaning of 42 U.S.C. § 12184(a); 49 C.F.R. §§ 37.29, 37.3, 37.5.

17  ### THIRD AFFIRMATIVE DEFENSE

18  Defendants do not own, operate or lease a place of public accommodation or operate
19  a demand responsive system within the meaning of 42 U.S.C. § 12182.

20  ### FOURTH AFFIRMATIVE DEFENSE

21  The practices allegedly engaged in by the independent transportation providers
22  identified in the Complaint are not the practices of Defendants, as the independent transportation
23  providers are neither employees nor agents of Defendants as a matter of law, and Defendants are not,
24  for purposes of the causes of action asserted in this matter, legally responsible for those practices.

25  ### FIFTH AFFIRMATIVE DEFENSE

26  Defendants allege that each Plaintiff lacks standing to bring the causes of action
27  asserted in the Complaint because their alleged injuries are not actual or imminent.

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT                    19.                    Case No. 3:14-cv-04086-NC

**SIXTH AFFIRMATIVE DEFENSE**

Defendants allege that NFB lacks associational standing because it cannot seek relief on behalf of members bound by Uber's arbitration agreement and it cannot abandon a portion of its membership to sue only on behalf of members not bound by Uber's arbitration agreement. The existence of the arbitration agreement creates the necessity of individual participation by NFB's members.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants allege that NFB lacks standing to pursue the broad relief it seeks on behalf of its members given that it can only secure relief on behalf of those members not bound by arbitration agreements. Because there are so few individual NFB members allegedly harmed by the practices alleged who are not bound by arbitration agreements with Defendants, those individuals are better suited to pursue the recovery sought. Alternatively, *assuming arguendo* Plaintiffs are entitled to any relief, which Defendants deny, any relief to which NFB may be entitled is permitted only to the extent its members not bound by arbitration agreements were injured.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants allege that the requested statewide injunctive relief is inappropriate because there exists no common corporate policy of Defendants, applicable across California.

**NINTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiffs' claims for relief are barred or limited by the applicable statutes of limitations.

**TENTH AFFIRMATIVE DEFENSE**

Defendants allege that modifying Defendants' policies, practices, or procedures in the manner identified in the Complaint would fundamentally alter the nature of Defendants' services, facilities, privileges or accommodations.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered, and will not suffer, irreparable harm as a result of any of the alleged conduct and/or omissions of Defendants.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT                    20.                    Case No. 3:14-cv-04086-NC

1

### TWELFTH AFFIRMATIVE DEFENSE

2

Defendants allege that Plaintiffs' lack standing because Plaintiffs are not "aggrieved

3

persons."

4

### THIRTEENTH AFFIRMATIVE DEFENSE

5

Defendants allege that modifying Defendants' policies, practices, or procedures in the

6

manner identified in the Complaint would cause undue hardship to Defendants.

7

### FOURTEENTH AFFIRMATIVE DEFENSE

8

If Defendants are responsible in any respect for any injuries or damages suffered by

9

Plaintiffs, which Defendants expressly deny, such injuries or damages have been caused by or

10

contributed to by others, and Defendants' proportional liability, if any, should be reduced to the

11

extent thereof.

12

WHEREFORE, Defendants UBER TECHNOLOGIES, INC., RASIER, LLC and

13

RASIER-CA, LLC deny that Plaintiffs are entitled to judgment in any amount whatsoever, and

14

respectfully submit that the entire Complaint should be dismissed in its entirety on the merits and

15

with prejudice, and that UBER TECHNOLOGIES, INC., RASIER, LLC and RASIER-CA, LLC be

16

awarded their costs incurred in defending this lawsuit, including their reasonable attorneys' fees, as

17

well as such other legal and equitable relief as the Court deems proper.

18

19

20

Dated: May 1, 2015

21

22

_/s/ Andrew M. Spurchise_____
ANDREW M. SPURCHISE

23

EMILY E. O'CONNOR

24

LITTLER MENDELSON, P.C.
Attorneys for Defendants

25

UBER TECHNOLOGIES, INC., RASIER,
LLC, RASIER-CA, LLC

26

Firmwide:133158050.2 073208.1034

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED  COMPLAINT                            21.                     Case No. 3:14-cv-04086-NC