1  LAURENCE PARADIS (CA BAR NO. 122336) (lparadis@dralegal.org)
   JULIA MARKS (CA BAR NO. 300544) (jmarks@dralegal.org)
2  Disability Rights Advocates
   2001 Center Street, Fourth Floor
3  Berkeley, California 94704-1204
   Telephone:   (510) 665-8644
4  Facsimile:   (510) 665-8511
   TTY:         (510) 665-8716
5
   TIMOTHY ELDER (CA BAR NO. 277152)
6  TRE Legal Practice
   4226 Castanos Street
7  Fremont, CA 94536
   Telephone:   (410) 415-3493
8  Facsimile:   (888) 718-0617
   Email:       telder@trelegal.com
9
   MICHAEL BIEN (CA BAR NO. 96891) (mbien@rbgg.com)
10 MICHAEL NUNEZ (CA BAR NO. 280535) (mnunez@rbgg.com)
   Rosen Bien Galvan & Grunfeld
11 315 Montgomery Street, Tenth Floor
   San Francisco, CA 94104
12 Phone:   (415) 433-6830
   Fax:     (415) 433-7104
13 *Attorneys for Plaintiffs*

14 (Additional counsel listed on next page)

15                         UNITED STATES DISTRICT COURT

16                       NORTHERN DISTRICT OF CALIFORNIA

17
   NATIONAL FEDERATION OF THE BLIND          Case Number: 3:14-cv-4086 NC
18 OF CALIFORNIA, MICHAEL KELLY,
   MICHAEL HINGSON, and MICHAEL
19 PEDERSEN,                                 JOINT CASE MANAGEMENT
                                             STATEMENT
20              Plaintiffs,

21 v.

22 UBER TECHNOLOGIES, INC., RASIER
   LLC, and RASIER-CA, LLC,
23
                Defendants.
24
25

JOHN C. FISH, Jr., Bar No. 160620 (jfish@littler.com)
ANDREW M. SPURCHISE, Bar No. 245998 (aspurchise@littler.com)
EMILY E. O'CONNOR, Bar No. 279400 (eoconnor@littler.com)
LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693
Telephone: (415) 433-1940
Facsimile: (415) 399-8490
*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC AND RASIER-CA, LLC

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2014 and Civil Local Rule 16-9.

**Introduction**

On September 9, 2015, Plaintiffs filed this action, alleging that Defendant Uber Technologies had violated and continued to violate Plaintiffs' rights under federal and state laws because drivers using the uberX platform had refused to transport them with their service animals. Plaintiffs subsequently filed their First Amended Complaint on November 12, 2015. Defendants moved to dismiss Plaintiffs' lawsuit on the basis that some Plaintiffs lacked standing and moved to dismiss all of Plaintiffs' claims to the extent that those claims were based on Plaintiffs' assertion that Uber owns, operates, leases, or leases to a place of public accommodation. On April 17, 2015, this Court denied Defendants' motion in its entirety but indicated that Defendants are not precluded from raising the same defenses at a later stage of litigation.

The parties then began to follow the procedures set forth in General Order 56. The parties exchanged initial disclosures, conducted a joint site inspection, and met and conferred about Defendants' policies and practices with respect to drivers transporting passengers with guide dogs. In addition, the parties have scheduled a mediation with mediator Hon. Jamie Jacobs-May (ret.) for August 10, 2015.

**Plaintiffs' Position With Respect To Discovery**

Plaintiffs request that the Court immediately open discovery and adopt Plaintiffs' proposed litigation schedule below to facilitate expedient resolution of this matter. If the Court grants Plaintiffs' request, Plaintiffs will pursue a two-track approach, engaging in mediation with Defendants while also conducting discovery. Plaintiffs continue to receive reports from members of NFB of California and other individuals who use guide dogs that they are being denied rides by uberX drivers. As Uber continues to grow and capture market share in the demand responsive transportation industry, Plaintiffs' injury continues. Plaintiffs believe that moving the litigation forward immediately is necessary to ensure that a resolution is achieved expediently. Plaintiffs

also request a two-track approach because information gathered in discovery will inform Plaintiffs' positions for purposes of mediation. If the parties make meaningful and significant progress toward settlement, Plaintiffs anticipate jointly requesting with Defendants that the court adjust the litigation schedule as appropriate.

### Defendants' Position With Respect To Discovery

Defendants do not feel it is appropriate to open discovery when the parties have agreed to engage in mediation in good faith, particularly when the mediation is *less than two weeks away*. There is no prejudice to Plaintiffs to waiting until mediation has concluded. In fact, if Plaintiffs are truly interested in an efficient resolution of this matter, discovery will likely have the opposite effect: by forcing Defendants to focus on positioning themselves to effectively defend the litigation, rather than engage in productive discussions toward a resolution. There is simply no reason not to forego discovery until the parties have evaluated the outcome of the mediation to determine whether resolution is likely or continued litigation is necessary. Defendants' position is that the more appropriate approach is for the parties to update the Court regarding the outcome of mediation and/or for the Court to continue the August 6 case management conference and/or to conduct another case management conference on a date a reasonable time following the mediation.

**1. Jurisdiction & Service**

Plaintiffs assert that this Court has subject matter jurisdiction over Plaintiffs' claims arising under the Americans with Disabilities Act (42 U.S.C. §§ 12101, *et seq.*) pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188. Plaintiffs also assert that this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' pendent claims under the California Unruh Civil Rights Act (California Civil Code §§ 51, *et seq.*) and the California Disabled Persons Act (California Civil Code §§ 54-54.3).

Defendants do not dispute that this Court has subject matter jurisdiction over Plaintiffs' claims, except insofar as Plaintiffs, or some of them, lack standing to recover the remedies they seek by their Complaint.

No issues exist as to personal jurisdiction or venue. No parties remain to be served.

## 2. Facts

### Plaintiffs' Statement of Facts

Plaintiffs the National Federation of the Blind ("NFB") of California and several blind individuals who use service animals brought this action under the Americans with Disabilities Act, the California Unruh Civil Rights Act, and the Disabled Persons Act, alleging that Defendants have denied them full and equal access to the services, facilities, privileges, advantages, and accommodations of Defendants' uberX transportation service. Plaintiffs Michael Pedersen and Michael Kelly, and members of the NFB of California, have attempted to use the uberX transportation service but were denied rides because they were traveling with their service dogs. Plaintiff Michael Hingson has been deterred from using the uberX transportation service because he learned that individuals with service animals have been denied rides by uberX drivers.

Defendants operate uberX, a demand responsive transportation service, in California. Tens of thousands of uberX drivers provide transportation in many metropolitan areas across California. To use the uberX service, a customer submits a request on behalf of himself or other passengers through Uber's mobile software application. Once the uberX driver who will transport the passenger is identified, the driver is expected to pick up the passenger and to transport her to her destination. Uber exercises comprehensive control over uberX transportation services, including providing the means of communication between passengers and drivers, controlling payment for the transportation service, controlling who may provide rides via the platform, determining customer charges and driver compensation, and handling inquiries and complaints from customers concerning uberX drivers and uberX transportation services.

Plaintiffs Pedersen and Kelly, members of the NFB of California, and numerous other blind individuals throughout California and the United States have been denied rides by uberX drivers because they were traveling with their service animals. Many of these individuals have each experienced multiple instances of disability discrimination when attempting to use uberX. Some individuals have been denied service by multiple drivers in succession, causing them severe delays. In addition, after drivers have refused to transport these individuals, Uber has

charged many of them cancellation fees. UberX drivers also discriminate against blind individuals with service animals in other ways, including charging high cleaning fees. These incidents of discrimination are ongoing.

**Defendants' Statement of Facts**

Defendant Uber is a technology company that offers a smartphone application ("app") that connects passengers looking for transportation to independent transportation providers looking for passengers. Specifically, Uber provides the technology that allows passengers and transportation providers to make a "match" based on their location and passengers' vehicle preference. Raiser, LLC and Rasier-CA, LLC are wholly-owned subsidiaries of Uber that provide lead generation services via Uber's uberX platform to independent transportation providers who operate cost-efficient, every-day vehicles. Defendants do not own, lease or operate any vehicles for transporting users, and do not employ people to operate vehicles.

Individuals seeking to use the Uber app to request a ride must first agree to Uber's User Terms and Conditions. Once a user agrees to the User Terms and Conditions, he or she can use the app to select the desired type of service (e.g., uberX) and then request a ride from available transportation providers on that platform. The User Terms and Conditions include an arbitration provision that requires disputes to be resolved through final and binding, individual arbitration.

The relationship between Defendants and third party transportation providers is solely in the nature of a contractual relationship between separate business ventures. Defendants are obligated to comply with certain safety requirements as it relates to the transportation providers who offer transportation services through the uberX platform. Beyond these requirements, and subject to the terms of the agreement between Defendants and independent transportation providers, Defendants are contractually prohibited from exercising control over the transportation service provided.

However, Uber expects its independent transportation providers to comply with any ADA requirements and provides them information on best practices for accommodating people with disabilities. Any report of discrimination initiates a review of the situation and may lead to deactivation from the Uber platform.Defendants deny any and all liability to Plaintiffs, and deny

that Defendants have violated any laws pertaining to access for persons with disabilities.

The parties anticipate that the principal factual issues in dispute will include whether Defendants engaged in discriminatory practices, the scope of the discrimination at issue, and the extent of Defendants' control over drivers who use the uberX platform and the uberX service.

### 3. Legal Issues

The parties anticipate disputes regarding (1) whether Defendants' uberX service is a transportation service covered by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12184; (2) whether Defendants own, operate, lease, or lease to a place of or places of public accommodation within the meaning of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182; (3) whether Defendants are covered entities under the California Unruh Civil Rights Act (California Civil Code §§ 51, *et seq.*) and the California Disabled Persons Act (California Civil Code §§ 54-54.3); and (4) whether, and to what extent, Defendants are required to prevent drivers using the uberX platform from discriminating against Plaintiffs.

### 4. Motions

Defendants moved to dismiss Plaintiffs' claims on December 3, 2014, and this Court denied that motion on April 17, 2015. If the parties are unable to reach a settlement in this matter, Plaintiffs and Defendants expect to move for summary judgment on the issues described above. If necessary, the parties will update the court concerning additional motions that the parties intend to pursue.

### 5. Amendment of Pleadings

Plaintiffs amended their complaint once in this action. Plaintiffs do not anticipate further amending their complaint.

### 6. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The parties met and conferred, pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues in this action, on July 15, 2015. Plaintiffs have requested that Defendants confirm that Defendants have implemented policies to preserve documents relevant to this litigation, and documents covered

by the requested litigation hold that Plaintiffs included in their initial pre-litigation demand letter dated June 3, 2014 and in a follow-up letter dated July 21, 2015. Defendants are aware of their obligations to preserve evidence and taken appropriate steps to do so.

**7. Disclosures**

The parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(f) on May 1, 2015.  Plaintiffs supplemented their initial disclosures on July 14, 2015.

**8. Discovery**

The parties exchanged initial disclosures on May 1, 2015. The parties have not propounded discovery or taken depositions.

      **Plaintiffs' Position on Discovery**

Plaintiffs anticipate propounding discovery and taking depositions of 30(b)(6) and fact witnesses. Discovery may be needed on: (1) experiences of users of uberX services; (2) communications between Defendants and users of uberX services who have experienced discrimination; (3) Defendants' policies, procedures, and practices relating to compliance with disability access laws, transportation of passengers with service animals, ratings systems, customer communication, cleaning fees, and driver training, communication, and discipline; (4) actions that Defendants have taken in response to disability discrimination complaints from passengers with guide dogs, including records of responses provided to complainants and other relevant individuals, investigation of complaints of discrimination against passengers with service animals, communications between Uber and uberX drivers about whom passengers with service animals have complained, and training, discipline, termination, or other steps taken with respect to uberX drivers against whom these complaints are directed; (5) the nature and scope of relationships between Defendants and drivers; (6) data regarding ride cancellations, ride acceptances, and driver and passenger ratings; (7) documents regarding Defendants' business model; and (8) other facts relevant to Plaintiffs' claims in this case.  Plaintiffs will update the court concerning any additional discovery that they intend to conduct.

Plaintiffs intend to propound requests for electronically stored information ("ESI"). The parties are conferring to identify a mutually acceptable protocol for the production of

1 electronically stored information that is responsive to these requests. Plaintiffs anticipate
2 requesting that documents be produced in their native formats with metadata. Where native
3 production is not feasible, Plaintiffs will request production in a near-native format. Plaintiffs
4 will request electronic mail or text communications between Uber and blind passengers and
5 between Uber and certain drivers, and other communications, to be produced in a .pst format.
6 Plaintiffs anticipate requesting information maintained in databases, such as data regarding
7 driver cancellations in aggregate, specific drivers' cancellation histories, and passengers' request
8 and cancellation history, to be produced in .csv format.

Plaintiffs request that there be a limit on the number of depositions that Defendants may take. Deposing all fifty-three individuals identified in Plaintiffs' initial disclosures would be burdensome and unnecessary.

**Defendants' Position on Discovery**

At this time, Defendants anticipate requesting basic discovery (requests for production of documents, interrogatories, requests for admission) of the named Plaintiffs and other individuals identified in the Complaint and in the initial disclosures, as well as taking depositions of each Plaintiff, as well as individuals identified in the Complaint and in the initial disclosures. Defendants are willing to confer with Plaintiffs regarding reasonable limitations on the number of depositions.

**9. Class Actions**

Plaintiffs do not anticipate seeking class certification.

**10. Related Cases**

There are no related cases pending before another judge of this Court, or before another court or administrative body.

**11. Relief**

Plaintiffs' Complaint seeks the following relief:

a. A permanent injunction pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*, and California Civil Code §§ 51-52, requiring Defendants to take the steps necessary to ensure that Uber's drivers who provide uberX taxi services do not

unlawfully refuse to transport blind individuals with service animals, including Plaintiffs.

b. A declaration that Defendants discriminate against blind persons by failing to provide blind riders, including Plaintiffs, with full and equal access to the services, facilities, privileges, advantages, and accommodations of Uber vehicles providing taxi services in violation of Title III of the ADA, 42 U.S.C. §§ 12181, *et seq.*, California Civil Code §§ 54-54.3, and California's Unruh Act, California Civil Code §§ 51-52.

c. Damages in an amount to be determined by proof, including all applicable statutory damages, based on the denial of full and equal access each Plaintiff has experienced. The statutory damages will be based on the statutory minimum amount set forth in Cal. Civ. Code §§ 52 and 54.3. The amount of statutory damages sought will be calculated according to the number of incidents of discrimination each individual Plaintiff has experienced.

d. Plaintiffs' reasonable attorneys' fees and costs; and

e. Such other relief that the Court deems just and proper.

Defendants deny the allegations in the Complaint and deny that Plaintiffs are entitled to any relief sought.

**12. Settlement and ADR**

The parties began settlement discussions, pursuant to General Order 56, on May 8, 2015 at the joint site inspection. The parties were unable to come to agreement, and have engaged a private mediator. Mediation is scheduled for August 10, 2015. The parties tried to schedule the mediation to occur before the case management conference, but were unable to set an earlier date. To avoid unnecessary delay of a resolution in this action, Plaintiffs wish to open discovery while the parties mediate this matter.

As stated above, Defendants believe there is no reason to open discovery with mediation two weeks away, and propose revisiting this issue with the Court following mediation.

**13. Consent to Magistrate Judge For All Purposes**

The parties have consented to have Magistrate Judge Nathanael Cousins conduct all

proceedings in this matter.

**14. Other References**

The parties do not believe that this action is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The parties have not yet narrowed the legal issues in this case. The parties will update the Court if they narrow the legal issues in the case.

**16. Expedited Trial Procedure**

The parties do not request an expedited schedule.

**17. Scheduling**

Plaintiffs request that this Court open discovery immediately and calendar the following litigation deadlines:

| Event: | Date: |
| --- | --- |
| Close of fact discovery | April 29, 2016 |
| Last day for expert disclosures/reports | July 1, 2016 |
| Close of expert discovery | August 17, 2016 |
| Last day for hearing dispositive motions | September 14, 2016 |
| Pre-trial conference | October 12, 2016 |
| Trial | November 16, 2016 |

Defendants propose the following litigation deadlines:

| Event: | Date: |
| --- | --- |
| Close of fact discovery | August 1, 2016 |
| Last day for expert disclosures/reports | October 3, 2016 |
| Close of expert discovery | November 16, 2016 |
| Last day for hearing dispositive motions | December 14, 2016 |
| Pre-trial conference | January 11, 2016 |
| Trial | February 15, 2017 |

**18. Trial**

Neither party has requested a jury trial. If this case proceeds to trial, the parties expect the trial to last for eight to ten days.

**19. Disclosure of Non-party Interested Entities or Persons**

The parties have filed certifications of interested entities or persons pursuant to Civil Local Rule 3-15. All parties certified that, other than the named parties to this action, there are no persons or entities that have a financial interest in the subject matter in controversy or in a party to the proceeding, or have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of the proceeding.

**20. Professional Conduct**

All attorneys of record for Plaintiffs have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other Matters**

The parties know of no other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

DISABILITY RIGHTS ADVOCATES

Dated: 7/29/2015         /s/
                         Laurence Paradis
                         Attorneys for Plaintiffs
                         NATIONAL FEDERATION OF THE BLIND
                         OF CALIFORNIA, MICHAEL KELLY,
                         MICHAEL HINGSON, AND MICHAEL
                         PEDERSEN

LITTLER MENDELSON, P.C.

Dated: 7/29/2015         /s/
                         Andrew Spurchise
                         Attorneys for Defendants
                         UBER TECHNOLOGIES, INC., RASIER LLC,
                         AND RASIER-CA LLC

FILER'S ATTESTATION

      Pursuant to Civil Local Rule 5-1(i), I, Julia Marks, attest that concurrence in the filing of this document has been obtained.

                                                                       _____/s/_____

                                                                            Julia Marks