UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No. 14-cv-04086 NC<br><br>**ORDER GRANTING FINAL APPROVAL AND ATTORNEYS' FEES**<br><br>Re: Dkt. Nos. 119, 128 |

In September 2014, the National Federation of the Blind of California and three individuals sued Uber and its California subsidiaries, alleging that Uber violates state and federal law by discriminating against blind persons when Uber drivers refuse to transport service dogs. In April 2015, this Court denied Uber's motion to dismiss the complaint and found that NFB-CA had associational standing and that Uber is subject to the ADA. The parties then began preparing for trial, while also engaging in settlement discussions.

In January 2016, the parties notified the Court that they had a settlement in principle, so the Court granted their request to vacate the deadlines in the case. In late April 2016, the parties requested preliminary approval of their class action settlement. The Court granted preliminary approval, and the parties now seek final approval of the settlement. In addition, plaintiffs move for $1,589,574 in attorneys' fees and $13,447.14 in costs, with a multiplier of 2.0. Uber agrees that plaintiffs can recover attorneys' fees, but disputes the reasonableness of the fees and costs. The Court held a hearing on the

Case No. 14-cv-04086 NC

motions on December 1, 2016, and granted both the motion for final approval and the motion for attorneys' fees.

As to the final approval of the settlement, the parties reported that no objections to the settlement were received. In its order granting preliminary approval of the settlement, the Court summarized the settlement's key components and analyzed the fairness of settlement in detail. Dkt. No. 112. The Court now concludes that the settlement is fair, adequate, and reasonable and GRANTS the motion for final approval of the class action settlement. The Court retains jurisdiction over the settlement for the duration of the settlement agreement. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).

As to the attorneys' fees request, Uber does not dispute plaintiffs' entitlement to attorneys' fees. Thus, the Court considers (1) the reasonableness of the attorneys' fees, and (2) the appropriate multiplier.

Plaintiffs request $1,589,574 in attorneys' fees. The "lodestar is the product of reasonable hours times a reasonable rate." *City of Burlington v. Dague*, 505 U.S. 557, 559 (1992). Uber objects to (1) the attorneys' hourly rate; (2) duplicative work done by multiple attorneys in attending hearings and conference calls, and (3) plaintiffs' trial preparation after settlement negotiations had begun.

First, the Court finds that plaintiffs have cited sufficient authority that the rates requested have been awarded in this district and are considered reasonable in the San Francisco Bay Area market.

Second, the Court finds that plaintiffs' counsel have not unnecessarily duplicated work by structuring their team to have multiple attorneys consulted at key times in the case. *See Nat'l Fed'n of the Blind v. Target Corp.*, No. 06-cv-01802 MHP, 2009 WL 2390261, at *3 (N.D. Cal. Aug. 3, 2009) ("the court may not condition fees on plaintiffs' counsel's conformance to the typical commercial law firm's pyramidal staffing structure.").

Third, the parties moved to vacate trial deadlines in January, and the Court made

Case No. 14-cv-04086 NC              2

clear for the following four months that trial dates would be reinstated if a settlement was not promptly entered. Under those circumstances, the Court finds it reasonable that plaintiffs' counsel continued to prepare for trial after January and even until April when a final settlement was entered on the docket. Considering all arguments, the Court concludes that plaintiffs' request for fees and costs are reasonable and GRANTS the motion.

In addition to reasonable attorneys' fees, plaintiffs request a multiplier of 2.0 under California law. A multiplier is permitted under California law to allow plaintiffs to be compensated for the real market value of their work, which includes a certain amount of risk absorbed by counsel when working on contingency. *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1136 (2001) ("The experience of the marketplace indicates that lawyers generally will not provide legal representation on a contingent basis unless they receive a premium for taking that risk.").

The Court considers the most analogous case cited by the parties: *Nat'l Fed'n of the Blind v. Target Corp.*, No. 06-cv-01802 MHP, 2009 WL 2390261 (N.D. Cal. Aug. 3, 2009). In *Target*, plaintiffs sought to make Target's online platform accessible to blind web users. *Id.* at *1. There, Judge Patel found that a 1.65 multiplier was appropriate in a case with significant motion practice, including contested motions to dismiss, for preliminary injunction, class certification, and summary judgment. *Id.* at *9.

In this case, the Court finds that plaintiffs' sought to enhance Uber's policies to protect blind riders, which can provide a model for other businesses in the sharing economy. Additionally, plaintiffs faced a significant hurdle in overcoming the motion to dismiss, and took on the risk associated with raising novel legal issues in complex areas of jurisdictional, employment, and discrimination law. Thus, the Court finds that here, a multiplier of 1.5 is appropriate to fully award plaintiffs for the fair market value of their work in taking on this case.

Plaintiffs must submit an updated proposed order as to the requested fees and costs for the Court's signature in accordance with this order by December 12, 2016.

**IT IS SO ORDERED.**

Dated:  December 6, 2016                              _____
                                                                           NATHANAEL M. COUSINS
                                                                           United States Magistrate Judge