1  ANDREW M. SPURCHISE, Bar No. 245998
   aspurchise@littler.com
2  LITTLER MENDELSON, P.C.
   900 Third Avenue
3  New York, New York  10022.3298
   Telephone:   212.583.9600
4  Facsimile:    212.832.2719

5  ALICE H. WANG, Bar No. 289631
   awang@littler.com
6  LITTLER MENDELSON, P.C.
   333 Bush Street, 34th Floor
7  San Francisco, CA 94104
   Telephone:   415.433.1940
8  Facsimile:    415.399.8490

9  Attorneys for Defendant
   UBER TECHNOLOGIES, INC.
10

11               UNITED STATES DISTRICT COURT

12         NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

13

14  NATIONAL FEDERATION OF THE            Case No. 3:14-cv-04086-NC
    BLIND, NATIONAL FEDERATION OF
15  THE BLIND OF CALIFORNIA, MICHAEL      **DEFENDANT'S RESPONSE IN**
    KELLY, MICHAEL HINGSON, and          **SUPPORT OF PLAINTIFFS'**
16  MICHAEL PEDERSON,                     **ADMINISTRATIVE MOTION TO FILE**
                                          **UNDER SEAL**
17              Plaintiffs,
                                          Judge:      Hon. Magistrate Nathanael
18        v.                                          Cousins
                                          Courtroom: 5, 4th Floor
19  UBER TECHNOLOGIES, INC.,                          280 South First Street
                                                      San Jose, CA 95113
20              Defendant.

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFT'S RESPONSE ISO PLAINTIFFS' ADMIN.
MOTION TO FILE UNDER SEAL                    CASE NO. 3:14-cv-04086-NC

1

## I.     INTRODUCTION

Pursuant to Northern District of California's Local Rules 7.11(b) and 79-5, Defendant Uber Technologies, Inc. ("Uber") hereby submits its Response in Support of Plaintiffs' Administrative Motion to File Under Seal ("Motion to Seal"; Dkt. No. 204) certain exhibits submitted in connection with their Motion for Extension of the Court's Jurisdiction and Modification of Policies, Practices, and Procedures Pursuant to Section 8 ("Motion for Extension"; Dkt. No. 205). In Plaintiffs' Motion to Seal, Plaintiffs seek to have sealed the entirety of the following seven exhibits filed in support of their Motion for Extension: Exhibit A to the Declaration of Valerie Yingling, and Exhibits 7, 11, 13, 15, 17, and 19 to the Declaration of Melissa Riess.

While Uber supports Plaintiffs' Motion to Seal in its entirety, should the Court find Plaintiffs' request overbroad, in the alternative, Uber submits that, at a minimum, the following limited material contained within only two of the seven exhibits to the Riess declaration in support Plaintiffs' Motion to Seal should be sealed:

| **Document** | **Portion of Document Plaintiffs' Seek to Be Sealed** | **Portion of Document Uber Seeks to Be Sealed** |
|---|---|---|
| Exhibit 7 to Melissa Riess Declaration in Support of Motion for Extension ("Riess Declaration") | Entire Exhibit 7 to Riess Decl. | Pages 2-3; 4:1-8; 6:7-19; 7:4-10 of Exhibit 7 to Riess Decl. |
| Exhibit 19 to Riess Declaration[1] | Entire Exhibit 19 to Riess Decl. | 2:13-22; 3:1-11; 11:8-9; 11:13-19; page 7 fn. 4; page 9 fn. 7; page 11 fn. 10; 12:3-4; 13:8 to Exhibit 19 to Riess Decl. |

As explained in more detail below, Uber's request is narrowly tailored to encompass specific data provided to Plaintiffs in connection with the administration of the parties' Settlement pursuant to the Stipulated Protective Order and FRE 502(d) and (e) Clawback Order ("Stipulated Protective Order") (Dkt. No. 63), and sealing the information at issue is necessary to protect Uber from unnecessary harm.

---

[1] Exhibits 7 and 19 to Plaintiffs' Motion for Extension are Exhibits 2 and 7, respectively, to the Riess Declaration in Support of the Motion to Seal.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFT'S RESPONSE ISO PLAINTIFFS' ADMIN.
MOTION TO FILE UNDER SEAL

1.

CASE NO. 3:14-cv-04086-NC

1    Should the Court be inclined to grant Uber's narrowed request to seal only small portions of

2    only two exhibits (Exhibits 7 and 19 in support of Plaintiffs' Motion for Extension) to the Riess

3    Declaration, pursuant to Local Rule 79-5(c) and (d), redacted versions of Exhibits 7 and 19 to the

4    Riess Declaration are being concurrently e-filed under seal with the instant motion, as are unredacted

5    versions of Exhibits 7 and 19 to the Riess Declaration, indicating by highlighting the portions of the

6    documents that have been omitted from the redacted versions. (See Spurchise Decl. Exs. A and B.)

## II.    BACKGROUND

8    On November 19, 2015, the Court entered a Stipulated Protective Order, which defines

9    "Confidential Information" to include: "Any confidential information of Defendants' customers" and

10   "Any documents or information referring or related to any other confidential or trade secret

11   information of Defendants." (Dkt. No. 63 at ¶ 1.) With the Protective Order in place, Uber agreed in

12   Section 6(B)(1) of the Parties' Settlement Agreement and Release ("Settlement Agreement") to

13   produce quarterly data reports to Plaintiffs containing, *inter alia*, information related to each and

14   every trip request nationwide for which Uber received a report that an independent third-party

15   transportation provider ("Driver") allegedly refused service to a rider with a service animal. Uber

16   designates all of these reports "Confidential" pursuant to the parties' Stipulated Protective Order.

17   For each complaint that Uber receives that a Driver purportedly refused to transport a rider

18   with a service animal, Uber investigates the complaint and takes appropriate  action called for by the

19   Settlement. (Dkt. No. 95-1, Addendum 2, Section IV.)

20   The information identified in the above table that, at a minimum, Uber seeks to have sealed,

21   is in harmony with but only a discrete subset of the information at issue in Plaintiffs' Motion to Seal.

22   The information is comprised of excerpts of the precise data, or are calculations of the data (e.g.,

23   providing aggregate number of rider complaints), that Uber produced to Plaintiffs pursuant to

24   Section 6(B)(1) of the Settlement Agreement and designated as Confidential.

25   / / /

26   / / /

27   / / /

28   / / /

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S RESPONSE ISO PLAINTIFFS'
ADMIN. MOTION TO FILE UNDER SEAL                    2.                    CASE NO. 3:14-cv-04086-NC

1  III.   **ARGUMENT**

2      A.   **Legal Standards**

3      Local Rule 79-5 states that the Court may issue an order to file a document under seal if (1)

4  the document, or portions thereof, is "privileged . . . or otherwise entitled to protection under the

5  law" and (2) the request is "narrowly tailored." Historically, courts have recognized a "general right

6  to inspect and copy public records and documents, including judicial records and documents."

7  *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, n.7 (1978). However, access to judicial

8  records is not absolute, and a party seeking to seal a document attached to a non-dispositive motion,

9  such as the Motion for Extension here, need only demonstrate "good cause." *Pintos v. Pacific*

10 *Creditors Association*, 605 F. 3c 665, 678 (9th Cir. 2010) (applying "good cause" standard to all

11 non-dispositive motions because such motions "are often unrelated, or only tangentially related, to

12 the underlying cause of action.").[2] The law authorizes district courts to grant protective orders to

13 prevent disclosure of materials for many types of information, including trade secrets or other

14 confidential research, development, or commercial information to protect a party or person from

15 annoyance, embarrassment, oppression, or undue burden. *Phillips ex Re. Estates of Byrd v. General*

16 *Motors Corp.*, 307 F. 3d 1206 (9th Cir. 2002).

17     Federal law recognizes that courts should protect confidential commercial information by

18 reasonable means, and that allowing the filing under seal of documents containing such information

19 is one of these means. *See* Civil Local Rule 79-5(a); Fed. R. Civ. P. 26(c)(7) (a court may enter an

20 order protecting the confidentiality of "a trade secret or other confidential research, development or

21 commercial information," including a direction that documents or information be filed under seal).

22 "Every court has supervisory power over its own records and files, and access has been denied

23

24 [2] Even under the "compelling interest" standard applicable to motions and their attachments that are "more than tangentially related to the merits of a case," the identified portions of Exhibits 7 and 19 to the Riess Declaration qualify for protection. *See Ctr. For Auto Safety v. Chrysler Grp.*, LLC, 809

25 F.3d 1092 (9th Cir. 2016).  As explained herein, Courts routinely grant motions to seal where the information at issue, if disclosed, would place the designating party at a competitive disadvantage.

26 *See, e.g., In re Electronic Arts*, 298 F. App'x 568, 569 (9th Cir. 2008) (concurring that compelling reasons may exist if sealing is required to prevent documents from being used "as sources of

27 business information that might harm a litigant's competitive standing"); *Phillips v. Ford Motor Co.*, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) (recognizing that "need to avoid competitive

28 disadvantage" is a compelling reason that justifies sealing).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFT'S RESPONSE ISO PLAINTIFFS'
ADMIN. MOTION TO FILE UNDER SEAL

3.

CASE NO. 3:14-cv-04086-NC

where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). In discussing examples of improper purposes, the Court in *Warner Communications* indicated that courts are not to serve as "sources of business information that might harm a litigant's competitive standing." *Id*. As the Ninth Circuit has put it:

> The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to . . . confidential research, development, or commercial information. See Fed. R. Civ. P. 26(c)(7) . . . . The Supreme Court has interpreted this language as conferring "broad discretion" on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)

*Phillips v. General Motors Corp.*, 307 F. 3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

### B. Uber Concurs With Plaintiffs' Motion To Seal And, In The Alternative, Seeks A Narrowed Scope.

Uber supports Plaintiffs' Motion to Seal. Should the Court find Plaintiffs' request overbroad, however, Uber seeks to seal only the limited, above-identified portions of only two of the exhibits (Exhibits 7 and 19) to the Riess Declaration. As the Court is aware, in connection with the Settlement in this case, Uber produced to Plaintiffs substantial information regarding each alleged service animal denial complaint that it received in its quarterly data reports—information that is not publicly available. The quarterly data reports include the resulting action taken vis-à-vis the Driver subject to the complaint based on Uber's investigation of the complaint. This information, taken out of context or excerpted in part (as is the case with Exhibits 7 and 19 to the Riess Declaration), may lead to misconceptions about Uber's number of alleged service animal complaints compared to its competitors, thereby placing Uber at a competitive disadvantage. Allowing public access to this information would make the Court into precisely the type of "vehicle for improper purposes" that the Supreme Court warned against.

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S RESPONSE ISO PLAINTIFFS' ADMIN. MOTION TO FILE UNDER SEAL     4.     CASE NO. 3:14-cv-04086-NC

1    Nor is Uber's concern about the public's interest merely academic or conjectural[3]: Uber's

2    primary competitor in the highly competitive ridesharing industry, Lyft, also entered into a

3    settlement with Plaintiff, but did so out of court. *See* https://www.nfb.org/blog/uber-and-lyft-still-

4    denying-rides-those-service-animals, last visited June 15, 2020 ("We still need your help in

5    collecting rideshare testing data, both positive and negative, to hold Uber and Lyft accountable to the

6    terms outlined in their settlement agreement.")

7    The number of alleged service animal complaints that Lyft receives therefore remain private

8    and protected, whereas the number of complaints received by Uber is open to the public with no

9    meaningful benchmarks or context if the motion to seal is denied. (Sprurchise Decl. at ¶ 5; Sauerwein

10   Decl. at ¶¶ 4-6.) Inaccurate conclusions or characterizations could be damaging and impact Uber's

11   overall brand, as consumers can easily choose a competitor ridesharing company based on improper

12   comparisons and/or a negative perception of the Uber platform.

13   Therefore, at a minimum, the specified portions of Exhibits 7 and 19 to the Riess Declaration

14   be sealed not only because they are lifted directly from information that is designated confidential

15   pursuant to a protective order and provided solely pursuant to the Settlement, but also to protect

16   against the misuse of the information contained therein to cause unnecessary harm to Uber. Uber's

17   request in this regard is narrowly tailored as Uber proposes to seal only discrete references to data

18   taken from Uber's confidential quarterly reports, and no less restrictive means exist to achieve the

19   overriding interest in protecting the confidentiality of the information.

20   **IV.    CONCLUSION**

21   For the foregoing reasons, Uber supports Plaintiffs' Motion to Seal; in the alternative, Uber

22   respectfully requests that the Court seal only the above-identified portions of Exhibits 7 and 19 to the

23   Riess Declaration.

24

25   [3] On October 9, 2019, the Court denied Uber's Renewed Motion for Administrative Relief for Leave
     to File Documents Under Seal. (Dkt. No. 194.) The information Uber sought to have sealed then is

26   similar in nature to the information Uber seeks to have sealed now.  In its Order, the Court was not
     persuaded that Uber had demonstrated good cause because Uber "does not identify any 'specific

27   examples or articulated reasoning' of how public perception would meaningfully change to place
     them at a competitive disadvantage." (Dkt. No. 196, 2:22-28.) Uber respectfully asks the Court to

28   reconsider its position in light of the additional evidence and argument set forth herein.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFT'S RESPONSE ISO PLAINTIFFS'
ADMIN. MOTION TO FILE UNDER SEAL

5.

CASE NO. 3:14-cv-04086-NC

1    Dated:  June 15, 2020

2                                                    /s/ Andrew M. Spurchise
                                                    ANDREW M. SPURCHISE
3                                                    ALICE H. WANG
                                                    LITTLER MENDELSON, P.C.
4                                                    Attorneys for Defendant
                                                    UBER TECHNOLOGIES, INC.
5

6
     4845-7986-8864.1 073208.1034
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFT'S RESPONSE ISO PLAINTIFFS'          6.          CASE NO. 3:14-cv-04086-NC
ADMIN. MOTION TO FILE UNDER SEAL