UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.<br><br>Defendant. | Case No. 14-cv-04086-NC<br>**ORDER DENYING PLAINTIFF'S MOTION TO EXTEND THE COURT'S JURISDICTION AND MODIFY SETTLEMENT; GRANTING IN PART AND DENYING IN PART MOTION TO SEAL**<br><br>Re: Dkt. Nos. 204, 205 |

Before the Court are Plaintiffs' administrative motion to seal and motion to modify the parties' settlement agreement. *See* Dkt. Nos. 204, 205. Plaintiffs request that the Court extend its jurisdiction over the parties' agreement and impose additional policies and practices on Uber to curb its alleged discrimination against the visually impaired. Because the parties' agreement does not allow the modification Plaintiffs seek, the Court DENIES Plaintiffs' motion.

**I.   Background**

In April 2016, plaintiffs National Federation of the Blind, its California affiliate, and various individuals settled this lawsuit with defendant Uber Technologies. *See* Dkt. Nos. 84, 85-1 ("Settlement"). The Settlement required Uber to adopt various policies and practices designed to reduce or eliminate discrimination against visually impaired customers who required the use of service animals. *Id.*

As relevant here, the Settlement provided for the Court's continued jurisdiction over the term of the agreement, but permitted the parties to extend that term and modify the agreement under certain conditions. Specifically, the Settlement was set to last for three and a half years. *See id.* §§ 1, 7. During that period, the Settlement provided that an independent Monitor would review and analyze data reports provided by Uber to determine whether the Settlement was effective. *Id.* § 8.A. The Monitor was required to issue annual reports and, if the Settlement was ineffective, propose further policies or practices that may improve access for the visually impaired to Uber's services. *Id.* If the Monitor proposed such additions, the parties were required to meet and confer to negotiate whether to modify the Settlement. *Id.* § 8.B; *see also* § 10 (dispute resolution procedure). Likewise, if the Monitor determined that Uber had not substantially complied with the terms of the Settlement, the term would be extended to five years. *Id.* § 7.

Plaintiffs now seek extension of the Court's jurisdiction over and modification of the Settlement. *See* Dkt. No. 205. Uber opposes any such modification. *See* Dkt. No. 210.

## II. Discussion

Settlement agreements, including the one at issue, are contracts overseen and enforced by the Court. *Cf. Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (describing settlement agreements as "settlement contracts"). Courts are generally not permitted to rewrite or modify settlement terms unless permitted by the terms of the settlement itself. *See Jeff D. v. Andrus*, 899 F.2d 753, 758 (9th Cir. 1989) (citing *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1160 (11th Cir. 1983)).

Here, one of the terms of the Settlement is the duration of the agreement—three and a half years. *See* Settlement §§ 1, 7. Another is a specific provision that would allow for extending the settlement term or modifying the settlement itself. Specifically, the Settlement provides that "if the Parties agree or the Monitor determines that there has not been substantial compliance by Uber with the terms of the Agreement for years two and/or three, the term shall extend to five years . . . ." *Id.* § 7. Likewise, if the Monitor

1   determines "that Uber's practices, policies, and procedures are insufficient to address
2   discrimination because of Service Animals, the Monitor shall propose to the Parties further
3   modifications to Uber's policies, practices, and procedures." *Id.* § 8.A. Then, the parties
4   may meet and confer, using the dispute resolution procedure outlined in the Settlement if
5   necessary, to determine whether modifications are necessary. *Id.* §§ 8.B, 10.

6   Here, Plaintiffs have not satisfied those terms and have not shown an equitable basis
7   to extend the settlement. First, the Monitor has not recommended extension or
8   modification. And second, even if the Monitor and Plaintiffs were prevented from
9   completing compliance reports in years two and three, Plaintiffs have not shown that Uber
10  is not in "substantial compliance" with the terms of the Settlement. Indeed, Plaintiffs do
11  not allege that Uber failed to comply with the terms of the Settlement, but simply complain
12  that service animal discrimination remains pervasive. But Plaintiffs' data suggests that
13  Uber has in fact decreased the instances of discrimination, albeit only slightly. *See, e.g.*,
14  Dkt. No. 205 at 12. Plaintiffs, of course, could file a new lawsuit to address such
15  discrimination if there is a basis to do so.

16  Because none of the grounds for extending or modifying the Settlement have been
17  met, the Court DENIES Plaintiffs' motion to extend the Court's jurisdiction and to modify
18  the Settlement.

19  **III. Administrative Motion to Seal**

20  There is a presumption of public access to judicial records and documents. *Nixon v.*
21  *Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Access to motions and their
22  attachments motions and records that are only tangentially related to the merits of the case
23  may be sealed for "good cause." *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092,
24  1101 (9th Cir. 2016). The "'good cause' standard presents a lower burden for the party
25  wishing to seal documents than the 'compelling reasons' standard." *Pintos v. Pac.*
26  *Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). To satisfy good cause, the party
27  wishing to seal documents must make a "particularized showing" of harm. *See Kamakana*
28  *v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Foltz v. State*

*Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) ("good cause" requires the party to show "that specific prejudice or harm will result"). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citation omitted).

Here, Plaintiffs seek to seal several exhibits to its motion to extend and modify the Settlement because Uber has designated those documents as confidential. *See* Dkt. No. 204. According to Uber, portions of those exhibits contain nonpublic, precise data regarding the number of service animal denial complaints received by Uber and its investigation of those complaints. Uber also contends that, should that information be made public, it could easily mislead the public based on improper comparisons to its competitors, none of whom publicly release similar reports regarding service animal denial complaints. *See* Dkt. No. 207 at 6.

Because the precise data contained within some of the exhibits are only tangentially related to the merits of the case and could be used for an improper purpose, the Court GRANTS Plaintiffs' administrative motion to seal Exhibit A to the Declaration of Valerie Yingling and Exhibits 7, 11, and 19 to the Declaration of Melissa Riess.

The Court DENIES Plaintiffs' administrative motion to seal Exhibits 13, 15, and 17 to the Declaration of Melissa Riess because those exhibits do not contain any sensitive non-public data.

**IV. Conclusion**

The Court DENIES Plaintiffs' motion to extend the Court's jurisdiction and to modify the parties' settlement agreement.

The Court GRANTS Plaintiffs' administrative motion to seal as to Exhibit A of the Declaration of Valerie Yingling and Exhibits 7, 11, and 19 to the Declaration of Melissa Riess. The Court otherwise DENIES the motion as to Exhibits 13, 15, and 17 to the Declaration of Melissa Riess. Plaintiff must file unredacted versions of Exhibits 13, 15, and 17 to the Declaration of Melissa Riess by **July 29, 2020**.

4

**IT IS SO ORDERED.**

Dated:  July 15, 2020

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

5